The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Garner. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications.
***********
The Full Commission finds as fact and concludes as matters of law, the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. Plaintiff is alleging an injury by accident that allegedly occurred on November 3, 1997.
3. The employer-employee relationship existed between the plaintiff and defendant-employer on November 3, 1997.
4. Defendant-employer was insured by Key Risk Management Services on November 3, 1997.
5. Plaintiffs average weekly wage is to be determined by a Form 22 wage chart.
6. The authenticity of the recorded statement of Michael T. Barnes.
7. The issues to be determined by the Commission are whether plaintiff in fact suffered from an injury by accident as alleged and whether proper notice was given to defendant-employer.
8. Plaintiff is seeking temporary total disability benefits from December 17, 1997, through December 28, 1997, and from January 19, 1998 through February 16, 1998, the payment of medical expenses, and a 10% rating to the back.
***********
The Full Commission adopts the finding of facts of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. Plaintiff was born on October 15, 1973 and was 25 years of age on the date of the hearing before Deputy Commissioner Garner.
2. Plaintiff is a certified welder and has work experience in construction, building farm equipment, and industrial landscaping.
3. Plaintiff earned $12.50 per hour and worked a 40 hour work week.
4. On November 3, 1997, plaintiff was working for INCO, Inc. as a certified welder. He was working at the Firestone plant in Wilson, North Carolina. He and two other employees were unloading a hand truck with an oxygen and an acetylene bottle attached to the hand truck. The cart weighed approximately 200 pounds. These tanks were being lifted by a crane.
5. In a recorded statement given to the carrier by Marty Bottoms, he indicated that on November 3, 1997, the day in question, the tanks were being lifted off of the crane and placed on the floor by plaintiff and a coworker. Plaintiff shared the weight of the tanks with his coworker without any difficulties and did not have any trouble moving them to the floor. Plaintiff did not report any back injury or pain to Mr. Bottoms on that day.
6. On November 3, 1997, plaintiff did not report to his supervisor or anyone else that he had injured his back. However, on December 1, 1997, plaintiff was observed moving slowly and was asked by Bud Pridgen the reason he was moving so slowly. Plaintiff indicated that he had been involved in a four-wheeling incident, thrown from a truck and injured his back.
7. On December 15, 1997, plaintiff informed his supervisor that he needed to have an MRI performed because of the injury to his back. It was at that time that plaintiff informed Mr. Pridgen that many weeks ago he had injured his back lifting the oxygen bottles. Mr. Pridgen asked plaintiff if he had filed an accident report on that occasion and plaintiff indicated that he had not.
8. Plaintiff sought medical treatment for his back on December 30, 1997.
9. Plaintiff alleges that he suffered an injury by accident on November 3, 1997. However, it was not until December 15, 1997 that he first informed his employer that he had suffered from a work related injury.
10. Furthermore, plaintiff has given conflicting statements as to what happened. Having weighed the evidence of record including the testimony of all witnesses, the greater weight of the evidence demonstrates that plaintiff did not injure his back on November 3, 1997 but more than likely injured his back in the four-wheeler incident when he was thrown from the vehicle. Therefore, plaintiff did not sustain an injury by accident as alleged on November 3, 1997.
***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
Plaintiff did not sustain an injury by accident on November 3, 1997, which arose out of and in the course of his employment with defendant-employer. N.C.G.S. 97-2(6).
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Plaintiffs claim for workers compensation benefits is hereby and the same shall be DENIED.
2. Each side shall pay its on costs.
This the ___ day of September 2000.
S/________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/_______________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING WITHOUT A WRITTEN OPINION:
S/_____________ THOMAS J. BOLCH COMMISSIONER
DCS/nwg